## R. S. Wall, Appellee, v. Elgin, Joliet & Eastern Railway Company, Appellant.

### Gen. No. 6,116.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed November 5, 1915. Finding of facts modified and rehearing denied December 8, 1915.

### Statement of the Case.

Action by R. S. Wall, plaintiff, against the Elgin, Joliet & Eastern Railway Company, defendant, in the Circuit Court of Lake county, to recover for personal injuries sustained by plaintiff, a switchman, in jump-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

430 · Appellate Courts of Illinois.

R. S. Wall v. Elgin, Joliet & Eastern Ry. Co., 196 Ill. App. 429.

ing off a car, whereby plaintiff was ruptured. From a judgment for plaintiff for $3,500, defendant appeals.

The declaration alleges that the defendant is a common carrier, and on the 28th day of March, 1914, was engaged in interstate commerce at Gary, Indiana; and that at that time and place, the plaintiff, while in the defendant's employ as switchman, was at work, as such switchman, in the nighttime, and in the dark, in switching certain cars which were being used by defendant in carrying interstate commerce.

According to the testimony of plaintiff, he was working in defendant's switch yards at Gary on March 27, 1914, and was engaged in the work of classifying freight trains. The work of grouping the cars together is done in the switch yards, and on certain side tracks and stub tracks, and the tracks leading to them. On the night in question plaintiff was assisting as switchman, in the work of classifying such cars; and while so engaged was riding on a so-called gondola freight car, that had been kicked onto a track which was called a pocket track. It was his particular business at this time to stop this car, by setting the brake and then jump off. The brake was located on a platform on the rear of the car, about on a level with the floor of the car, and about four feet from the ground. The brake on the car in question was out of order; the gravity dog had dropped out of the ratchet so that the ratchet would not hold; and it was therefore, necessary for plaintiff to keep hold of the tightening brake, and bring the car to a stop; and he was thereby on the car longer than if the brake had been in order; but he had about stopped the movement of the car, and was ready to get off when he noticed another car, about fifteen feet away, coming towards the car on which he was riding, and fearing a collision, walked across to the opposite side, and jumped off of the platform to the ground. In jumping off, he struck the ground "stiff legged," thereby causing more jar than would be ordi-

narily experienced from such a jump. A few minutes after he had jumped, he felt a ticklish pain through his groin, which indicated that he had been ruptured by the jump.

The only apparent effect of the impending collision, on plaintiff's jumping, was to cause him to jump off on the opposite side; but the ground on that side was just as level and not any further from the platform of the car.

W. C. UPTON and KNAPP & CAMPBELL, for appellant, WILLIAM BEYE, of counsel.

CHARLES P. MOLTHROP, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 312*—*what are dangers incident to nature of work, of switchman.* In an action by a switchman under the Federal Employers' Liability Act to recover for personal injuries sustained by jumping off a platform car to the ground in a railroad freight yard, a distance of four feet, in order to avoid an impending collision with another car also being switched, where it appeared that plaintiff was ruptured as a result of striking the ground "stiff-legged" when he jumped, plaintiff's act in jumping *held* an ordinary and usual incident in his employment, the "stiff-leggedness" of the jump not being caused by the impending collision, and there being nothing unusual in such a collision when cars were being switched, so that it was obviously necessary for plaintiff to jump off such cars to avoid such collisions.

2. MASTER AND SERVANT, § 312*—*when servant assumes risks.* A servant assumes the risks, hazards and dangers which are ordinary and usual incidents to the employment of such servant, and the master is not liable for injuries resulting therefrom.

3. MASTER AND SERVANT, § 302a*—*when defense of assumption of risks available under Federal Act.* The Federal Liability Act of 1908 does not abolish the defense of assumption of risk by the servant in actions where the injury sought to be recovered for does not arise from the want of or a defect in an appliance with which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such act requires cars moving in interstate commerce to be equipped.

4. MASTER AND SERVANT, § 302a*—*when switchman jumping to ground to avoid collision assumes risk under Federal Act.* In an action by a switchman under the Federal Employers' Liability Act to recover for personal injuries sustained by jumping off a platform car to the ground, a distance of four feet, to avoid an impending collision in a railroad freight yard between such car and another car which was also being switched, *held* that plaintiff assumed the risk.